UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| **ANTHONY J. GRASON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | |
| ) | Case No. 10-2144 |
| **DANIEL MASS, M.D, Orthopedic Surgeon** ) | |
| **and Assocaites, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

# REPORT AND RECOMMENDATION

In July 2010, Plaintiff Anthony J. Grason filed a Complaint (#1) against the following Defendants: Dr. Daniel Mass, of Orthopedic Surgeon and Associates (hereinafter "Defendant Mass"); Stryker Orthopedics, Stryker Trauma Products, Stryker Corp. (hereinafter "Defendant Stryker"), and University of Chicago Medical Center. Plaintiff brings suit for medical malpractice and products liability. Plaintiff argues this Court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1332, but Defendants argue that Plaintiff has failed to establish subject matter jurisdiction.

In November 2010, Defendant Mass and Defendant University of Chicago Medical Center filed a Rule 12(g) Motion to Dismiss (#8). Additionally, Defendant Stryker filed a Motion to Dismiss (#13) for failure to state a claim. Plaintiff has filed responses to each of these motions (## 20-23). After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that the Rule 12(g) Motion to Dismiss **(#8)** be **GRANTED**.

Because this Court concludes that it lacks subject matter jurisdiction over Plaintiff's claim, it does not reach the arguments set forth in Defendant Stryker's Motion to Dismiss (#13) for failure to state a claim. Nevertheless, Plaintiff's complaint should be dismissed with respect to all defendants for lack of subject matter jurisdiction. As such, this Court recommends that Defendant Stryker's Motion to Dismiss **(#13)** be deemed **MOOT**.

## I. Factual Background

The following background information is taken from the complaint. On June 30, 2008, Plaintiff was injured in a car accident. On July 4, 2008, Plaintiff underwent surgery on his left elbow at University of Chicago Medical Center, conducted by Defendant Mass. The surgery involved installation of a surgery hinge and pins, manufactured by Defendant Stryker.

Plaintiff awoke from the surgery with severe pain and paralysis from his left elbow down to his left hand. Dr. Mass determined that Plaintiff's radial nerve was punctured and damaged during the installation of the Stryker hinge and pins. Though follow-up surgery was recommended, University of Chicago Medical Center cancelled this procedure.

Plaintiff later sought care at the Mayo Clinic under Dr. Spinner. Dr. Spinner determined that Plaintiff suffered a nerve injury during surgery, caused by the Stryker product. To date, Plaintiff continues to suffer severe pain and paralysis.

## II. Standard

When ruling on a motion to dismiss due to lack of subject matter jurisdiction, the district court must accept all well-pleaded facts as true and draw reasonable inferences in favor of the plaintiff. *Capitol Leasing Co., v. F.D.I.C.,* 999 F.2d 188, 191 (7th Cir. 1993); *Rueth v. U.S. Envtl. Prot. Agency,* 13 F.3d 227, 229 (7th Cir. 1993). The district court may look beyond the jurisdictional allegations of the complaint to determine whether subject matter jurisdiction does in fact exist. *Capitol Leasing,* 999 F.2d at 191. The party asserting federal jurisdiction bears the burden of establishing that jurisdiction does in fact exist. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003).

## III. Discussion

Plaintiff argues that this court has subject matter jurisdiction, both under 28 U.S.C. § 1331, establishing federal question jurisdiction, and 28 U.S.C. § 1332, establishing jurisdiction

where there is diversity of citizenship. The Court will consider each potential basis of jurisdiction in turn.

*1. Federal Question*

Plaintiff claims to have established this Court's subject matter jurisdiction under 28 U.S.C. § 1331. Under this provision, federal courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

Here, Plaintiff acknowledges that his claims are for medical malpractice and products liability. These claims are state law tort claims. They are not claims that arise under federal law. Thus, this Court concludes that plaintiff has failed to establish existence of any federal question.

*2. Diversity of Citizenship*

Plaintiff claims to have established this Court's subject matter jurisdiction because he has alleged diversity of citizenship. In order to establish jurisdiction on the basis of diversity of citizenship, plaintiff must show that he is a citizen of a different state than all of the defendants, and that the amount in controversy exceeds $75,000, exclusive of interests and costs. *Ind. Gas Co. v. Home Ins. Co.,* 141 F.3d 314, 315-16 (7th Cir. 1998).

Here, Plaintiff indicates that he has established diversity of citizenship because Defendant Stryker is a citizen of the State of New Jersey. Plaintiff indicates he is a resident of Illinois, and the Court infers that Plaintiff is a citizen of the State of Illinois. However, Defendant University of Chicago Medical Center and Defendant Mass indicate that they are also citizens of the State of Illinois (#8, p. 2). A plaintiff must show that he is a citizen of a different state than *all* defendants, not just one defendant. Plaintiff, Defendant University of Chicago Medical Center, and Defendant Mass are all citizens of the State of Illinois. As such, this Court concludes that plaintiff has failed to establish diversity of citizenship.

## IV. Summary

For the reasons stated above, this Court recommends that Defendants' Rule 12(g) Motion to Dismiss **(#8)** be **GRANTED**. The Court further recommends that Defendant Stryker's Motion to Dismiss **(#13)** be deemed **MOOT**.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986)**.**

ENTER this 15th day of April, 2011.

s/ DAVID G. BERNTHAL
U.S. MAGISTRATE JUDGE